UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY DARNELL GIBSON,

                Petitioner,

v.                                                Case No. 25-cv-0340-bhl

DEPARTMENT OF CORRECTIONS
PROBATION AND PAROLE,

                Respondent.

## SCREENING ORDER

On March 6, 2025, Petitioner Larry Darnell Gibson,[1] a state prisoner currently incarcerated at Milwaukee Secure Detention Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (ECF No. 1.) On March 10, 2025, the Court ordered Gibson to file an amended petition on the district's local form. (ECF No. 3.) On April 7, 2025, Gibson complied by filing an amended petition on the required form. (ECF No. 6.) His petition will now be screened.

### SCREENING THE PETITION

Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Gibson's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court and that the petition is not an improper successive petition.

---

[1] Gibson maintains that his correct legal name is Larry Darnell Cobb. (ECF No. 6 at 12.)

## PETITIONER'S ALLEGATIONS

Gibson was sentenced on March 4, 2000, after pleading guilty to first degree reckless homicide with use of a dangerous weapon, possession of a dangerous weapon, carrying a concealed weapon, and possession with intent. (ECF No. 6 at 2.) He filed his original appeal on March 15, 2000, asserting an ineffective assistance of counsel claim, but, on July 7, 2000, the Wisconsin Court of Appeals rejected his arguments and affirmed his conviction. (*Id.* at 3.) Over twenty years later, on February 10, 2021, he petitioned the Wisconsin Supreme Court for review. (*Id.*) The state supreme court denied his petition as untimely on June 2, 2022. (*Id.*) On March 8, 2024, he filed a petition for certiorari with the United States Supreme Court, but that Court also rejected his petition as untimely. (*Id.* at 4.)

Amidst those proceedings, on January 29, 2021, Gibson filed a *Knight* Petition in the Wisconsin Court of Appeals. (ECF No. 1-1 at 4.) On June 2, 2022, the state court of appeals denied that petition for failure to provide factual allegations of prejudice. (*Id.* at 79.) He then waited until February 8, 2024 to file a motion for reconsideration. (*Id.* at 122.) His motion for reconsideration was denied as untimely the following day. (*Id.* at 138.) On March 6, 2024, Gibson appealed the denial of his *Knight* petition to the Wisconsin Supreme Court. (*Id.* at 119.) The state supreme court affirmed dismissal. (ECF No. 6 at 5.)

He now seeks federal habeas relief. Gibson asserts that the Wisconsin Court of Appeals and Wisconsin Supreme Court denied his rights by "failing to make a judicial ruling" on his prior ineffective assistance of counsel claim. (*Id.* at 6–8.) He also claims that the District Attorney "withheld or hid information" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.* at 9.)

## ANALYSIS

If a petitioner has previously brought a habeas corpus application, his successive petition will usually be dismissed. *See* 28 U.S.C. §2244(a). "[I]n order for a habeas petition to be considered successive, the previous motion must have been denied on the merits," and "the district court must have engaged in substantive review." *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999) (citations omitted). A denial on the merits includes a ruling that the first petition was untimely. *See Barnes v. Briley*, 43 Fed. App'x 969, 973 (7th Cir. 2002). If the petition is successive, and presents a claim argued in a prior application, it is automatically dismissed. §2244(b)(1); *Felder v. McVicar,* 113 F.3d 696, 698 (7th Cir. 1997) ("A claim that has been presented in the first petition cannot be presented in a second."). If the petitioner is presenting a

new claim in a successive petition, it will be dismissed unless the new claim meets certain requirements. §2244(b)(2)–(4). One of the requirements is that the petitioner receive authorization from the Seventh Circuit Court of Appeals to file the successive application. *Id.*

In response to a question on Part V of the local form, Gibson indicates that he has never filed any type of petition, application, or motion in a federal court regarding his state conviction. (ECF No. 6 at 9–11.) This is incorrect. On November 30, 2018, Gibson filed a petition for writ of habeas corpus in this Court. Petition for Writ of Habeas Corpus, *Gibson v. McDermott*, 18-CV-1885-JPS, ECF No. 1 (E.D. Wis. Nov. 30, 2018). In that prior petition, Gibson sought federal habeas relief based on claims that the state court lacked jurisdiction and that he had received ineffective assistance of counsel. *Id.* at 6–9. On January 31, 2019, Judge J.P. Stadtmueller adopted Magistrate Judge William E. Duffin's report and recommendation and dismissed the petition with prejudice on multiple, alternate grounds. *Gibson v. McDermott*, 18-CV-1885-JPS, 2019 WL 403721 (E.D. Wis. Jan. 31, 2019). The Court concluded that the petition was untimely, Gibson had failed to exhaust state court remedies, and he had failed to identify any constitutional claims. *Id.*

Gibson's petition is successive. He previously filed a petition for writ of habeas corpus in November 2018, and that petition was substantively reviewed by this Court and denied on the merits. His current petition sets forth at least one of the same claims, for ineffective assistance of counsel, and is therefore subject to automatic dismissal. *See* 28 U.S.C. §2244(b)(1). As to his other claim, the alleged *Brady* violation, Gibson has not received authorization from the Court of Appeals to file a successive petition on that ground, further warranting dismissal. *See* 28 U.S.C. §2244(b)(3). Accordingly, Gibson's petition will be dismissed.

## CONCLUSION

**IT IS HEREBY ORDERED** that Larry Darnell Gibson's petition pursuant to 28 U.S.C. §2254, ECF No. 6, is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 6, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge